United States District Court
Southern District of Texas
**ENTERED**
April 02, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Aaron Plummer, individually and on behalf of all others similarly situated, § § § § |  |
| Plaintiffs, § |  |
| § |  |
| v. § |  |
| § |  |
| Rockwater Energy Solutions, Inc., § |  |
| Defendant. § |  |

Civil Action H-18-4746

| | |
|---|---|
| Rockwater Energy Solutions, Inc., § |  |
| Third-Party Plaintiff, § |  |
| § |  |
| v. § |  |
| § |  |
| Energy Professionals Group, LLC § |  |
| and Atlantic Energy Partners, LLC, § |  |
| Third-Party Defendants. § |  |

# Memorandum and Recommendation

Third-party Plaintiff Rockwater Energy Solutions (Rockwater) moves for default judgment against third-party defendants Atlantic Energy Partners, LLC (Atlantic) and Energy Professionals Group, LLC (EPG). (D.E. 79.) The court recommends that Rockwater's motion be denied with prejudice as to Atlantic and granted in part and denied in part, without prejudice, as to EPG.

1. *Background and Procedural Posture*

On July 9, 2019, Rockwater filed a third-party complaint against Atlantic and EPG. (D.E. 59.) Atlantic's answer was due on August 19, 2019, and EPG's on August 20, 2019. (D.E. 66, 67.) The deadlines came and went.

On October 28, 2019, Rockwater filed the present motion for default judgment against Atlantic and EPG. (D.E. 79.) EPG has not appeared or answered.

On November 18, 2019, Atlantic filed an answer to the third-party complaint and a response to the motion for default judgment. (D.E. 81, 82.) Atlantic has explained that "conferring with insurable carrier to determine any applicable coverage" caused the delay in filing an appearance. (D.E. 82 at 4.) Rockwater filed a reply, arguing that Atlantic's stated reason for the delay is invalid and that the delay caused Rockwater to incur "additional costs and legal fees in an effort to obtain the arbitration agreement through alternative means." (D.E. 84 at 3.)

*2. Legal Standard*

Rule 55 allows the entry of default where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" the action. Fed. R. Civ. P. 55(a). Even when the prerequisites of Rule 55(a) are satisfied, "[i]n deciding whether an entry of default shall be made by order of Court, a sound discretion will be exercised." *See Brown v. Weschler*, 135 F. Supp. 622, 624 (D.D.C. 1955).

The district court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). "In determining whether good cause exists to set aside an entry of default, the court considers (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented." *Sindhi v. Raina*, 905 F.3d 327, 332 (5th Cir. 2018) (internal quotation marks omitted).

A motion for default judgment requires the court to determine: (1) if default judgment is procedurally appropriate; (2) if plaintiff has presented a colorable claim; and (3) how to calculate damages. *Vela v. M&G USA Corp.*, No. 2:17-CV-13, 2020 WL 421188, at *1 (S.D. Tex. Jan. 27, 2020). The court must consider relevant factors including

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was

2

> caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). A default judgment "must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings." *Wooten v. McDonald Transit Assoc., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). Well-pleaded factual allegations are assumed to be true, except regarding damages. *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Judgments by default are a drastic remedy and are disfavored by the courts. *Charlton L. Davis & Co., P. C. v. Fedder Data Ctr., Inc.*, 556 F.2d 308, 309 (5th Cir. 1977); *Lindsey*, 161 F.3d at 893.

  The court may not enter a default judgment where the court finds that the defendant intends to defend the action. *See Nava v. RM Detailing, Inc.*, No. CIV A H-06-1172, 2007 WL 207291, at *2 (S.D. Tex. Jan. 23, 2007) ("Rule 55(b)(2) prohibits the court from entering default judgment '[i]f the party against whom judgment by default is sought has appeared in the action.'") Filing an appearance and an answer to the complaint indicate that the party intends to defend the action. *E.g., Silva Int'l, Inc. v. Silva Ultramind Sys., LLC*, No. CIV.A. L-08-99, 2008 WL 4694210, at *2 (S.D. Tex. Oct. 23, 2008) (finding intent to defend where the defendant appeared and filed an answer to the plaintiff's complaint ten days after the deadline).

3. Analysis

  A. Atlantic

  Even if the court were to order an entry of default against Atlantic, it is apparent that the default will be set aside on motion. Atlantic has filed a notice of appearance, responded to Rockwater's default motion, and answered Rockwater's third-party complaint. (D.E. 81, 82.) Atlantic's actions show it intends to defend the action. There is no indication that Atlantic's failure to act was willful, and Rockwater would not be prejudiced by the court's decision at this stage of the litigation.

Therefore, the court recommends that Rockwater's default motion be denied with prejudice as to Atlantic.

### B. EPG

The court construes Rockwater's motion for default judgment as including a motion for entry of default against EPG. It appears that EPG has been properly served. (D.E. 67.) EPG has not filed a notice of appearance or answered. Therefore, the court GRANTS Rockwater's motion for entry of default against EPG.

It is premature to consider the motion for default judgment against EPG given the procedural posture of this action. Rockwater is the defendant in the underlying FLSA collective action. Rockwater filed a third-party complaint against EPG and Atlantic, seeking indemnification for potential liability. The underlying collective action is still in its very early stages. Because it is premature to ascertain any damages that Rockwater may owe to the class, it is also premature to ascertain any damages that EPG may owe to Rockwater. Where damages are unascertainable, the appropriate course of action is to deny the motion for judgment without prejudice. *E.g.*, *United States v. Cobos*, No. CV 3:13-CV-4924-L, 2015 WL 5836270 at *4, n.2 (N.D. Tex. Sept. 30, 2015) (denying default judgment motion without prejudice where the court was unable to determine the amount of damages).

Therefore, the court recommends that Rockwater's motion for default judgment against EPG be denied without prejudice.

### 4. Conclusion

The court recommends that Rockwater's motion for default judgment be denied with prejudice as to Atlantic and granted in part and denied in part, without prejudice, as to EPG. The court directs the Clerk to enter default against EPG.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140,

147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

    Signed at Houston, Texas, on April  2 , 2020.

                                           _____
                                                          Peter Bray
                                         United States Magistrate Judge