United States District Court
Southern District of Texas
**ENTERED**
June 22, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Aaron Plummer, individually and on behalf of all others similarly situated,<br>    Plaintiffs,<br><br>v.<br><br>Rockwater Energy Solutions, Inc.,<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

Civil Action H-18-4746

| | |
|---|---|
| Rockwater Energy Solutions, Inc.,<br>    Third-Party Plaintiff,<br><br>v.<br><br>Energy Professionals Group, LLC and Atlantic Energy Partners, LLC,<br>    Third-Party Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

# Report and Recommendation

Third-party Plaintiff Rockwater Energy Solutions, Inc. (Rockwater) moves a second time for default judgment against third-party Defendant Energy Professionals Group, LLC (EPG). (D.E. 138.) The court recommends that Rockwater's motion be granted.

*1. Background and Procedural Posture*

On June 15, 2018, James Tuggle sued Rockwater on behalf of a class of similarly situated workers for violations of the Fair Labor Standards Act (FLSA). On July 9, 2019, Rockwater filed a third-party complaint against Atlantic Energy Partners, LLC (AEP) and EPG seeking indemnification for its liability to the class under the FLSA. (D.E. 59.)

AEP and EPG did not timely answer or defend and Rockwater moved for default judgment. The court denied the motion with respect to AEP because it appeared AEP intended to defend itself in the action. The court approved the entry of default against EPG. The court denied without prejudice the motion to enter default judgment against EPG because, absent a settlement or judgment against Rockwater, EPG's damages could not be ascertained.

Rockwater settled with the Plaintiffs and the court approved that settlement on September 25, 2020. (D.E. 131.) Rockwater settled with AEP and the court dismissed Rockwater's claims against AEP on April 5, 2021. (D.E. 138.) Rockwater now renews its motion for entry of default judgment against EPG.

2. *Legal Standard*

Rockwater moves for default judgment against EPG under Federal Rule of Civil Procedure 55(b)(2). Before entering a default judgment, the court must determine: (1) if default judgment is procedurally appropriate; (2) if plaintiff has presented a colorable claim; and (3) how to calculate damages. *Vela v. M&G USA Corp.*, No. 2:17-CV-13, 2020 WL 421188, at *1 (S.D. Tex. Jan. 27, 2020). The court must consider relevant factors including

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). A default judgment "must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings." *Wooten v. McDonald Transit Assoc., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). Well-pleaded factual allegations are assumed to be true, except regarding damages. *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Judgments by default are a drastic remedy and are disfavored by the

courts. *Charlton L. Davis & Co., P.C. v. Fedder Data Ctr., Inc.*, 556 F.2d 308, 309 (5th Cir. 1977); *Lindsey*, 161 F.3d at 893.

3. Analysis

### A. Default Judgment is Procedurally Appropriate

It appears that EPG has been properly served. (D.E. 67.) EPG has not filed a notice of appearance, answered or otherwise indicated its intent to defend itself in this action. The court has already granted Rockwater's motion for entry of default against EPG. As discussed below, entry of default judgment is now appropriate.

### B. Rockwater has Presented a Colorable Claim

Ameriflow Energy Services, LLC, entered into a Master Service Agreement with EPG, a copy of which is attached to the third-party complaint. (D.E. 59-1.) Under the agreement, EPG agreed to provide flowhand services to Ameriflow's customers. (D.E. 59-1 ¶ 2.) EPG agreed to be responsible for its workers and to indemnify Ameriflow for any liability it may incur to EPG's workers under the FLSA. (D.E. 59-1 ¶ 18.1.) EPG provided services to Ameriflow under the Agreement until it was assigned to Rockwater, after which EPG provided the same services to Rockwater. (D.E. 138-1 ¶ 4.) AEP replaced EPG as a party to the agreement after AEP acquired EPG.

Plaintiffs sued Rockwater for violations of the FLSA and Rockwater sued EPG and AEP for indemnification under the Agreement. Rockwater has settled with the class and with AEP. Rockwater has presented a colorable claim against EPG. Rockwater has demonstrated that there was a valid and enforceable contract for services with EPG. Those services were provided. Incident to those services, EPG's workers have sued Rockwater for violations of the FLSA. EPG agreed to indemnify Rockwater for that liability.

### C. Rockwater has Presented Evidence of its Damages

Rockwater has settled its claims with the class Plaintiffs and has paid damages and attorney's fees to the Plaintiffs. The class consisted of workers employed by both EPG and AEP. Rockwater has also settled its claim for indemnification against AEP. In its motion for

3

default judgment, Rockwater seeks to recover damages, attorney's fees and costs against EPG in proportion to the percentage of the class of workers that were employed by EPG.

The class consisted of thirty-two workers. Thirteen of those workers, or 40.625%, were employed by EPG. (D.E. 138-1 ¶ 5.) Rockwater has presented evidence that 40.625% of the amount it paid in damages to the workers is $78,260.86. *Id.* Rockwater has presented further evidence that 40.625% of the total it paid to the class in attorney's fees and costs is $69,062.50. *Id.*

Rockwater has been defending this action for three years. Many motions were filed, and several hearings were held. The action was commenced in the Western District of Texas. The original lead plaintiff was compelled to arbitrate his claims. The case was then transferred to this district. The parties litigated a motion to compel arbitration, a contested motion to certify the class, and several discovery issues. Rockwater was required to engage in research and investigation to find and serve EPG. The parties engaged in significant discovery. (D.E. 138-2 ¶ 13.)

Defense of this action has cost Rockwater $341,858. (D.E. ¶12.) Rockwater has presented evidence to demonstrate that this amount is reasonable. (D.E. 138-2.) 40.625% of that total defense cost is $138,879.81.

Rockwater has presented evidence that its total cost to defend and settle this action was $286,203.17.

*4. Conclusion*

Based on the evidence of record, the court recommends that default judgment be entered in favor of Rockwater Energy Solutions, Inc., against Energy Professionals Group, LLC, in the amount of $286,203.17.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140,

4

147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on June 22, 2021.

_____
Peter Bray
United States Magistrate Judge